IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN F. HOLMES, SR., and
PAMELA N. HOLMES,
        Plaintiffs,

vs.                               Case No. 3:09cv100/MCR/EMT

UNITED STATES AIR FORCE, et al.,
        Defendants.
_____/

**ORDER**

        Pending is the "Motion to Dismiss . . . or in the Alternative Summary Judgment and Memorandum of Law," and "Statement of Facts Relied Upon in Support of Motion for Summary Judgment" filed by Defendants United States Air Force, United State Air Force Reserves, Eglin Air Force Base, Michael B. Donley, and Charles E. Stenner, Jr. (Docs. 38, 39). After the court directed Plaintiffs to file a response to Defendants' motion to dismiss (Doc. 40), Plaintiffs filed a response titled "Memorandum in Opposition" (Doc. 42). With leave of court (Doc. 43), Defendants filed a reply (Doc. 44).

        Upon review, the court concludes that Defendants' motion should be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. Accordingly, Plaintiffs shall be required to file a response to the summary judgment motion, and the parties shall be given the opportunity to submit additional summary judgment materials. Additionally, a brief period of discovery *limited to the issues raised in Defendants' motion* shall be permitted in order to allow Plaintiffs to obtain any information that might be needed to respond to the motion for summary judgment.[1]

---

[1] By order dated July 21, 2009, after noting that no Initial Scheduling Order had been entered in this case, the court advised the parties that it would stay discovery until the dispositive motion then pending had been resolved (*see* Doc. 17). Discovery remains stayed. Although Plaintiffs will be permitted a brief period of discovery to obtain

In preparing their response to the motion for summary judgment, Plaintiffs should file and serve affidavits and any other documents or materials required by Fed. R. Civ. P. 56 and Local Rule 56.1(A). In opposing a motion for summary judgment Plaintiffs are the nonmoving parties, and as such they bear the burden of proof. Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The rule does not require the party seeking summary judgment to submit evidence <u>negating</u> Plaintiffs' claim, but instead to demonstrate ("<u>with or without supporting affidavits</u>") that the Rule 56(c) standard is satisfied. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Plaintiffs must dispute or contradict Defendants' arguments with evidence of a substantial nature as distinguished from legal conclusions. Plaintiffs cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can it simply rely upon the pleadings. A general denial unaccompanied by any evidentiary support will not suffice. *See, e.g.*, <u>Courson v. McMillian</u>, 939 F.2d 1479 (11th Cir. 1991); <u>Hutton v. Strickland</u>, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein. *Id.* If affidavits of witnesses are unavailable, Plaintiffs should so indicate by affidavit and seek an extension of time to obtain other affidavits. Fed. R. Civ. P. 56(f). If Plaintiffs are unable to present, by affidavit or other evidence,

---

information for their response to Defendants' motion, the court notes Plaintiffs' previous attempt to submit evidence, which evidence the court rejected due to various deficiencies (*see* Doc. 22). It therefore appears that Plaintiffs may already be in possession of certain documents they consider relevant to their claims. Plaintiffs are reminded, however, that this period of discovery is strictly limited to obtaining documents that are pertinent to filing a response to the pending motion for summary judgment. No other documents or information should be requested. Furthermore, Plaintiffs should not at this time supply to the court any documents or evidence that is not relevant to their response to Defendants' pending motion.

     If any party contends that discovery is needed beyond that which the court now authorizes, that party should so inform the court; if the court determines that additional discovery is warranted, it will enter an appropriate order.

Case No. 3:09cv100/MCR/EMT

facts essential to justify its opposition to Defendants' motion, then Plaintiffs must file a sworn statement as to why they are unable to do so. *Id.*

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion, but unreasonable and speculative inferences will not be drawn from the materials. Tyler v. Vickery, 517 F.2d 1089 (5th Cir. 1975). Evidence filed by Defendants in support of the motion for summary judgment may be accepted as true by the court if Plaintiffs do not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. Brown v. Shinbaum, 828 F.2d 707 (11th Cir. 1987).

Only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on such a motion. A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex, 477 U.S. at 322–23; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 212 (1986).

In addition to other papers or matters permitted by the federal procedural rules, Plaintiffs must file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth in Rule 56.1(A) of the Local Rules of the Northern District of Florida. <u>All material facts set forth in the statement of material facts filed by Defendants will be deemed to be admitted by Plaintiffs unless controverted</u> by Plaintiffs' statement of material facts. *See* N.D. Fla. Loc. R. 56.1(A).

Discovery, *which is strictly limited to the issues raised in Defendants' motion*, may be conducted through **June 3, 2010**. Plaintiffs shall then file a written response to Defendants' motion for summary judgment no later than **June 17, 2010.** The court will take the motion for summary judgment under advisement on **June 24, 2010**. Consistent with the requirements of N.D. Fla. Loc. R. 56.1(B), all <u>evidentiary materials</u> authorized to be filed under the Federal Rules of Civil Procedure must be filed with the court prior to the advisement date. Only those evidentiary materials currently in the record or filed prior to the above date will be considered by the court in ruling on Defendants' motion. Additionally, Defendants shall submit a hard (i.e., paper) copy of

their motion, statement of facts, exhibits, and other evidentiary materials to the undersigned's chambers prior to the advisement date.  Plaintiffs likewise shall submit a hard copy of their response, statement of facts, exhibits, and other evidentiary materials to the undersigned's chambers prior to the advisement date.

Accordingly, it is **ORDERED**:

1. Discovery, limited to the issues raised in Defendants' pending motion for summary judgment only, may be conducted through **June 3, 2010**.

2. Plaintiffs shall file a written response to Defendants' motion for summary judgment no later than **June 17, 2010.**

3. The court will take the motion for summary judgment under advisement on **June 24, 2010**.  All evidentiary materials authorized to be filed under the Federal Rules of Civil Procedure must be filed with the court prior to the advisement date.

4. Defendants shall submit a hard (i.e., paper) copy of their motion, statement of facts, exhibits, and other evidentiary materials to the undersigned's chambers prior to the advisement date of **June 24, 2010.**

5. Plaintiffs shall submit a hard copy of their response, statement of facts, exhibits, and other evidentiary materials to the undersigned's chambers prior to the advisement date of **June 24, 2010**.

**DONE AND ORDERED** this 7th day of May 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**